## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: BENEDICT VINCENT SOKOLOWSKI, | : | Case No: 13 5:17-bk-03867-JJT |
| and LYNDA JO SOKOLOWSKI | : | |
| | : | CHAPTER 13 |
| Debtor. | : | |
| | : | |
| BENEDICT VINCENT SOKOLOWSKI, | : | |
| and LYNDA JO SOKOLOWSKI | : | |
| | : | |
| Movant, | : | |
| | : | |
| v. | : | **MOTION TO REJECT AND/OR** |
| | : | **REFORM EXECUTORY CONTRACT** |
| | : | **11 U.S.C. § 365** |
| | : | |
| ESSA BANK AND TRUST, JACOB RYBNER | : | |
| FALLING CREEK, LLC. | : | |
| | : | |
| Respondents, | : | |
| | : | |

### MOTION TO REJECT AND/OR REFORM EXECUTORY CONTRACT

AND NOW comes the Debtors, Benedict Vincent Sokolowski and Lynda Jo Sokolowski,

heretofore referred to as "Debtors," by and through their Attorney Patrick J. Best, Esquire of ARM

Lawyers, hereby move this Honorable Court to reject/reform the executory contract(s) existing

between the Debtors and ESSA Bank and Trust and Jacob Rybner and/or Falling Creek Builders, Inc.,

heretofore referred to as "Respondents," for the reasons that follow:

### INTRODUCTION

1.      Debtors filed a Chapter 13 Bankruptcy Petition on September 19, 2017. Respondents,

ESSA Bank and Trust, Jacob Rybner, and Falling Creek, LLC., were included as creditors and listed

on the creditor matrix.

2.	Debtors request the Court reject and/or reform an executory contract existing between Debtors and Respondents pursuant to 11 U.S.C. § 365, Bankruptcy Rule 6006 and Bankruptcy Rule 9014.

3.	This Honorable Court has jurisdiction over this action pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). The relief requested herein is authorized under section 365 of the Bankruptcy Code. Venue of the Debtor's chapter 13 case is proper in this district.

### FACTS

4.	Debtors received a construction loan from ESSA Bank and Trust ("ESSA") to construct their primary residence.

5.	Debtors and ESSA Bank and Trust entered into a multi-party contract (the "Executory Contract") with Jacob Rybner ("Rybner") and/or Falling Creek, LLC. ("Falling Creek")

6.	Rybner and/or Falling Creek received funds for the construction, but failed to abide by the terms of the Executory Contract leaving Debtors' primary residence unfinished and without certificate of occupancy.

7.	Debtors and Rybner and/or Falling Creek also entered into a separate contract (the "Construction Agreement").

8.	Rybner and/or Falling Creek have been non-responsive to all requests to complete construction.

9.	ESSA has in escrow additional monies for completion of the construction.

10.	ESSA will not release these monies since it is party to an Executory Contract with Rybner and/or Falling Creek.

11.     Through counsel, ESSA has indicated to the undersigned that if the Executory Contract with Rybner and/or Falling Creek is rejected by this Court, ESSA will release the funds to the licensed contractor replacing Rybner and/or Falling Creek to permit Debtors to finish construction so long as the debtors are current on their mortgage payments.

12.     As Rybner and/or Falling Creek has ostensibly abandoned construction efforts, rejection of the Executory Contract is necessary for an effective reorganization.

## CLAIM FOR RELIEF

13.     The Debtors' primary purpose of the chapter 13 case is to reorganize by surrendering one piece of real estate and curing default on their primary residence. The Executory Contract is not necessary for the Debtors' effective reorganization or the administration of the Debtors' estates, and maintaining the Executory Contract would impose unnecessary costs and burdens on the Debtors' estates. Accordingly, the Debtors submit this Motion to reject  and/or reform the Executory Contract.

14.     The Debtors' primary purpose of the chapter 13 case is to reorganize by surrendering one piece of real estate and curing default on their primary residence. The Construction Agreement is not necessary for the Debtors' effective reorganization or the administration of the Debtors' estates, and maintaining the Executory Contract would impose unnecessary costs and burdens on the Debtors' estates. Accordingly, the Debtors submit this Motion to reject  the Construction Agreement.

**WHEREFORE**, as Debtors and ESSA Bank and Trust as well as the Bankruptcy Estate will be best served by reforming the Executory Contract and rejecting the Construction Agreement, the Debtors respectfully request that this Honorable Court enter an Order stating:

a.     The Executory Contract is reformed as to all parties;

b.     This reformation shall survive dismissal in the event Debtors do not receive discharge;

c.      Debtors and ESSA Bank and Trust may replace Rybner and/or Falling Creek,

LLC. with a licensed contractor of their choosing;

d.      The Construction Agreement is rejected as to all parties.

e.      Any other remedy this Honorable Court shall deem fit.


Dated: <u>November 13, 2017</u>                    <u>/s/ Patrick J. Best</u>
                                                Patrick J. Best, Esquire
                                                PA Attorney ID: 309732
                                                ARM Lawyers
                                                202 Delaware Avenue
                                                Palmerton, PA 18071
                                                Telephone: 484.765.8140
                                                Facsimile: 484.544.8625
                                                Attorney for Debtor