TO: ANN WARNER
P 1/4

**ESSA Bank & Trust**
200 Palmer Street, PO Box L, Stroudsburg, PA 18360

# CONSTRUCTION LOAN AGREEMENT

Owner: Benedict V & Lynda J Sokolowski
Contractor: Falling Creek, LLC
Subject Property: 5 Falling Water Creek, Lehman Township, Pike County, Bushkill, PA 18324
Closing Date: 01/29/2015
Account No.: XXXXXXXXXXXX
Total Construction Costs: $430,216.00          Deposits Paid to Contractor: $100,000.00
Balance of Costs to be Escrowed at Closing: $330,216.00

In consideration of the granting of a construction mortgage loan by ESSA Bank & Trust (ESSA) to improve the subject property identified above, the undersigned Owner(s) and Contractor expressly covenants with ESSA and agree to do the following:

1. To furnish ESSA with approved plans and specifications for the proposed building and a signed copy of the construction contract. ESSA will also be furnished with - and must approve of - all subsequent changes in plans, details or specifications.

2. To erect and complete within 9 months of the loan closing the proposed building costing not less than Construction Costs amount shown above and to construct it in accordance with the approved contract, plans and specifications, free from all mechanics liens and in compliance with building restrictions and ordinances.

3. To place in a construction escrow account with ESSA the balance of construction costs shown above, including all or a portion of the loan proceeds, which in the opinion of the Owner and ESSA and in combination with deposits made to the Contractor, will be sufficient to complete the building in accordance with the approved contract, plans and specifications on the property referenced above.

4. To give ESSA and municipal inspectors reasonable access to inspect the building and document its progress.

5. To obtain the approval of the lender's attorney on all legal matters pertaining to the loan.

6. To furnish proof of required hazard, liability, flood & builder's risk insurance in an amount and form satisfactory to ESSA.

7. To secure releases of all encumbrances which, in the opinion of ESSA, are or might otherwise be prior to the mortgage lien.

8. To avoid the commencement of any work and/or the delivery of any material until after the Note and Mortgage in favor of ESSA have been executed and the Mortgage has been duly recorded; to record a waiver of liens before the commencement of any work or the delivery of any material; and to provide a lender's title insurance policy that insures the priority lien position of the mortgage to ESSA.

9. To secure and provide evidence of workers compensation insurance and public liability insurance in an amount acceptable to ESSA and to maintain such insurance throughout the term of the construction project.

It is further understood and agreed that:

10. *The Owner accepts the sole responsibility for the selection of the Contractor (or contractors) and all materials, supplies and equipment to be used in the construction.* In the event that the funds initially placed in escrow are found to be insufficient to complete the proposed improvements, the Owner hereby agrees to deposit additional funds into the construction escrow account sufficient to complete the project in accordance with the plans and specifications, plus any owner-approved extras.

11. *The Owner accepts the responsibility for construction oversight.* If the Owner at any point should have concerns about the workmanship or any possible lack of adherence to the construction contract, the Owner will engage an independent inspector and/or legal counsel before authorizing payment to the Contractor.

12. *The Owner understands that any inspections that agents of ESSA might perform are for the benefit of ESSA only.* Such inspections are not intended as construction supervision and should not be relied upon by the Owner. ESSA Bank & Trust assumes no responsibility for the quality of construction performed nor the compliance or the lack of compliance with the plans, specifications, contract price or building codes.

Owner initials BV JS          Page 1 of 2          Contractor initials ____ ____

13. ESSA is authorized to disburse funds from the construction escrow account upon the completion of each stage of construction in accordance with the following schedule:

| | | | |
|---|---|---|---|
| Deposit (subtracted from 1st draw) | | $ | 100,000.00 |
| (1) Foundation is complete and ready for backfill. | 15% | | $0.00 |
| (2) Under roof and closed in: exterior and interior framing, floor construction, sheathing, roofing, windows, exterior doors | 25% | $ | 72,086.40 |
| (3) Rough heating, rough wiring, rough plumbing, insulation, exterior siding | 20% | $ | 86,043.20 |
| (4) Drywall/paneling, cabinets, interior doors, trim, tile work, decks/porches | 20% | $ | 86,043.20 |
| (5) Final: interior and exterior painting/staining, finished floors/carpet, appliances, heating/electrical/plumbing fixtures, grading | 20% | $ | 86,043.20 |

**Total Construction Costs:** $ 430,216.00

14. The Owners hereby authorize monies to be released to the Contractor on the strength of **ONE** or more of their signatures on a construction payout release form or a like document acceptable to the lender.

15. Disbursements will be made payable to both the Owner and Contractor, unless the Owner signs a release form authorizing the Bank to pay the Contractor solely.

16. Inspections by agents of ESSA, if they are to be performed, shall be made within one week of their request. If work is found to be either incomplete or unsatisfactory, thereby resulting in an additional inspection, a service charge of $125.00 will be imposed upon the Contractor and deducted from either the requested payout or a subsequent stage payout. When an inspection shows that a stage is partially complete, ESSA may or may not elect to make a partial disbursement.

17. Without further consent of the undersigned, ESSA may at their election pay bills and/or complete the proposed improvements in accordance with the approved plans and specifications if they deem it necessary in order to preserve its interest in the loan. For such purposes, they may employ the unexpended net proceeds of this loan upon which funds ESSA shall have a first lien. Nothing herein contained, however, shall in any way be construed as a covenant on ESSA's part to so pay or complete.

18. In the event a dispute arises between owner and contractor, such that the owner and contractor cannot agree as to the disposition of funds remaining in the construction escrow, ESSA will not release any remaining construction escrow proceeds, unless upon being provided with a written agreement between owner and contractor as to the disposition of the funds, or alternatively, a court order, or arbitration award confirmed by the Court.

_____ 1/25/15
Benedict V Sokolowski       Date

_____ 1/25/15
Lynda J Sokolowski          Date

_____
Falling Creek, LLC          Date

**ESSA Bank & Trust**
200 Palmer Street, PO Box L, Stroudsburg, PA 18360

## CONSTRUCTION LOAN AGREEMENT

Owner: Benedict V & Lynda J Sokolowski
Contractor: Falling Creek, LLC
Subject Property: 5 Falling Water Creek, Lehman Township, Pike County, Bushkill, PA 18324
Closing Date: 01/29/2015
Account No.: XXXXXXXXX
Total Construction Costs: $430,216.00      Deposits Paid to Contractor: $100,000.00
Balance of Costs to be Escrowed at Closing: $330,216.00

In consideration of the granting of a construction mortgage loan by ESSA Bank & Trust (ESSA) to improve the subject property identified above, the undersigned Owner(s) and Contractor expressly covenant with ESSA and agree to do the following:

1. To furnish ESSA with approved plans and specifications for the proposed building and a signed copy of the construction contract. ESSA will also be furnished with - and must approve of - all subsequent changes in plans, details or specifications.

2. To erect and complete within 9 months of the loan closing the proposed building costing not less than Construction Costs amount shown above and to construct it in accordance with the approved contract, plans and specifications, free from all mechanics liens and in compliance with building restrictions and ordinances.

3. To place in a construction escrow account with ESSA the balance of construction costs shown above, including all or a portion of the loan proceeds, which in the opinion of the Owner and ESSA and in combination with deposits made to the Contractor, will be sufficient to complete the building in accordance with the approved contract, plans and specifications on the property referenced above.

4. To give ESSA and municipal inspectors reasonable access to inspect the building and document its progress.

5. To obtain the approval of the lender's attorney on all legal matters pertaining to the loan.

6. To furnish proof of required hazard, liability, flood & builder's risk insurance in an amount and form satisfactory to ESSA.

7. To secure releases of all encumbrances which, in the opinion of ESSA, are or might otherwise be prior to the mortgage lien.

8. To avoid the commencement of any work and/or the delivery of any material until after the Note and Mortgage in favor of ESSA have been executed and the Mortgage has been duly recorded; to record a waiver of liens before the commencement of any work or the delivery of any material; and to provide a lender's title insurance policy that insures the priority lien position of the mortgage to ESSA.

9. To secure and provide evidence of workers compensation insurance and public liability insurance in an amount acceptable to ESSA and to maintain such insurance throughout the term of the construction project.

It is further understood and agreed that:

10. *The Owner accepts the sole responsibility for the selection of the Contractor (or contractors) and all materials, supplies and equipment to be used in the construction.* In the event that the funds initially placed in escrow are found to be insufficient to complete the proposed improvements, the Owner hereby agrees to deposit additional funds into the construction escrow account sufficient to complete the project in accordance with the plans and specifications, plus any owner-approved extras.

11. *The Owner accepts the responsibility for construction oversight.* If the Owner at any point should have concerns about the workmanship or any possible lack of adherence to the construction contract, the Owner will engage an independent inspector and/or legal counsel before authorizing payment to the Contractor.

12. *The Owner understands that any inspections that agents of ESSA might perform are for the benefit of ESSA only.* Such inspections are not intended as construction supervision and should not be relied upon by the Owner. ESSA Bank & Trust assumes no responsibility for the quality of construction performed nor the compliance or the lack of compliance with the plans, specifications, contract price or building codes.

Owner initials ___ ___      Page 1 of 2      Contractor initials ___

13. ESSA is authorized to disburse funds from the construction escrow account upon the completion of each stage of construction in accordance with the following schedule:

| | | |
|---|---|---|
| Deposit (subtracted from 1st draw) | | $ 1[?],000.00 |
| (1) Foundation is complete and ready for backfill. | 15% | [?]0.00 |
| (2) Under roof and closed in: exterior and interior framing, floor construction, sheathing, roofing, windows, exterior doors | 20% | $ 72,0[?]6.40   Pd 1/29/15 dw |
| (3) Rough heating, rough wiring, rough plumbing, insulation, exterior siding; | 20% | $ [?][?],043.20   Pd 1/29/15 dw |
| (4) Drywall/paneling, cabinets, interior doors, trim, tile work, decks/porches | 20% | $ [?][?],043.20 |
| (5) Final: interior and exterior painting/staining, finished floors/carpet, appliances, heating/electrical/plumbing fixtures, grading | 20% | $ [?][?],043.20 |
| **Total Construction Costs:** | | $ 400,2[?]8.00 |

14. The Owners hereby authorize monies to be released to the Contractor on the strength of **ONE** or more of their signatures on a construction payout release form or a like document acceptable to the lender.

15. Disbursements will be made payable to both the Owner and Contractor, unless the Owner signs a release form authorizing the Bank to pay the Contractor solely.

16. Inspections by agents of ESSA, if they are to be performed, shall be made within one week of their request. If work is found to be either incomplete or unsatisfactory, thereby resulting in an additional inspection, a service charge of $[?]25.00 will be imposed upon the Contractor and deducted from either the requested payout or a subsequent stage payout. When an inspection shows that a stage is partially complete, ESSA may or may not elect to make a partial disbursement.

17. Without further consent of the undersigned, ESSA may at their election pay bills and/or complete the proposed improvements in accordance with the approved plans and specifications if they deem it necessary in order to preserve its interest in the loan. For such purposes, they may employ the unexpended net proceeds of this loan upon which funds ESSA shall have a first lien. Nothing herein contained, however, shall in any way be construed as a covenant on ESSA's part to so pay or complete.

18. In the event a dispute arises between owner and contractor, such that the owner and contractor cannot agree as to the disposition of funds remaining in the construction escrow, ESSA will not release any remaining construction escrow proceeds, unless upon being provided with a written agreement between owner and contractor as to the disposition of the funds, or alternatively, a court order, or arbitration award confirmed by the Court.

_____  1/25/15          _____  1/25/15
Benedict V Sokolowski       Date             Lynda J Sokolowski          Date

_____  1/26/15
Falling Creek, LLC          Date